SUMMARY ORDER

Petitioner Yong Zhou Chen, a native and citizen of the People’s Republic of China, seeks review of a May 12, 2008 order of the BIA affirming the December 12, 2006 decision of Immigration Judge (“IJ”) Sandy Horn, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture *946 (“CAT”). In re Yongzhou Chen, No. A99 538 153 (B.I.A. May 12, 2008), aff'g No. A99 538 153 (Immig. Ct. N.Y. City Dec. 12, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA affirms the IJ’s decision in some respects but not others, we review the IJ’s decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. See Xue Hong Yang v. U.S. Dep’t of Justice, 426 F.3d 520, 522 (2d Cir.2005). Moreover, when the IJ’s decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we may review the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. See Ming Xia Chen v. BIA, 435 F.3d 141, 144 (2d Cir.2006). Here, the IJ made an adverse credibility determination and an alternate burden of proof finding. The BIA, in turn, “adopt[ed] and affirm[ed]” the IJ’s decision, rejected two of the IJ’s credibility findings, and did not address the IJ’s burden of proof finding. In such circumstances, we review the IJ’s decision, minus the two findings the BIA rejected. See Xue Hong Yang, 426 F.3d at 522; Ming Xia Chen, 435 F.3d at 144.
In support of his decision, the IJ found that Chen failed to meet his burden in establishing eligibility for the relief he requested. As the Government asserts, Chen failed to challenge that finding before the BIA, thus failing to exhaust any such argument. See Foster v. INS, 376 F.3d 75, 78 (2d Cir.2004) (holding that petitioners must raise to the BIA the specific issues they later raise in this Court); Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20, 124 (2d Cir.2007) (stating that while not a jurisdictional issue, this judicially imposed exhaustion requirement is mandatory and an “affirmative defense-subject to waiver”). Because the IJ’s burden of proof finding was alone dispositive of each of Chen’s claims, the petition for review must be denied regardless of whether the IJ’s credibility determination was supported by substantial evidence.
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).